# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1196

_____

United States of America,       *
             *
         Appellee,       *
             * Appeal from the United States
     v.               * District Court for the
             * District of Minnesota.
Reynaldo Rivera,        *
             * [UNPUBLISHED]
         Appellant.     *

_____

Submitted: August 30, 2005
Filed:  September 26, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Reynaldo Rivera challenges the sentence imposed by the district court[1] after Rivera pleaded guilty to a drug charge.  Although Rivera provided some assistance to the government, the government determined that this assistance was not substantial enough to merit a government motion for reduction of sentence under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e).  Rivera now argues that the district court erred in sentencing him under a mandatory Guidelines scheme, and that the court could have

_____

[1] The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

granted him a reduction for substantial assistance even without the government's motion.

At the sentencing hearing, Rivera neither objected to the lack of a sentencing reduction for substantial assistance, nor raised any objection to his sentence that would preserve error under United States v. Booker, 125 S. Ct. 738 (2005). Accordingly, we review only for plain error. See United States v. Pirani, 406 F.3d 543, 549, 550 (8th Cir. 2005) (en banc), petition for cert. filed, (U.S. July 27, 2005) (No. 05-5547).

In the circumstances of this case, we see no plain error that would warrant reversal. Even though it was plain error to treat the Guidelines as mandatory, and even assuming – without deciding – that the district court was entitled to consider Rivera's assistance to the government in fashioning a reasonable sentence under 18 U.S.C. § 3553(a), Rivera has not met his burden of showing a reasonable probability that he would have received a more favorable sentence but for the treatment of the Guidelines as mandatory. See id. at 552. Accordingly, we affirm.

_____